# IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT

CLERK OF COURT
BY

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., ) ) | CIVIL CASE NO.: CV1465-06 |
| Plaintiff, ) ) | |
| vs. ) ) | |
| CYFRED, LTD., KINI B. SANANAP and IOWANA M. SANANAP, ) ) ) | |
| Defendants. ) ) | **DECISION AND ORDER** (Motion to Disqualify Counsel & Motion for Protective Order) |
| _____ ) | |
| KINI B. SANANAP and IOWANA M. SANANAP, ) ) ) | |
| Counterclaimant, ) ) | |
| vs. ) ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., ) ) ) | |
| Counterclaim-Defendant. ) ) ) | |

## INTRODUCTION

On March 23, 2012, this matter came before Judge *Pro Tempore* Richard H. Benson on Plaintiff National Union Fire Insurance Company of Pittsburgh, PA's ("National Union") Motion for a Protective Order and Motion to Disqualify Wayson W.S. Wong, Esq. ("Attorney Wong"). Attorney Terrence E. Timblin ("Attorney Timblin") appeared on behalf of National Union. Attorney Wong appeared on behalf of Kini B. Sananap and Iowana M. Sananap ("Sananaps"). National Union seeks to disqualify Attorney Wong because he is an anticipated witness and

also seeks a protective against the Sananaps' deposition request. Having considered the pleadings and arguments presented, the Court now enters a Decision and Order granting the Motion to Disqualify Counsel and denying the Motion for Protective Order.

## BACKGROUND

This case stems from an alleged breach of a settlement agreement between National Union and the Sananaps.

On February 3, 2012, National Union filed Motion for Protective Order and to Disqualify Counsel for Defendant Kini B. Sananap and Iowana M. Sananap ("Motion"). On March 6, 2012, the Sananaps filed Defendants Kini B. Sananap's and Iowana M. Sananap's Opposition to National Union's Motion to Disqualify Counsel and for a Protective Order ("Opposition"). On March 9, 2012, National Union filed National Union Fire Insurance Company of Pittsburgh, PA's Reply in Support of Its Motion for Protective Order and to Disqualify Counsel for Defendants Kini B. Sananap and Iowana M. Sananap ("Reply").

## DISCUSSION

### A.   Disqualification of Counsel

National Union moves to disqualify Attorney Wong from participating at trial based on his dual role as witness-advocate. Attorney Wong and Attorney Louie J. Yanza ("Attorney Yanza") are the only witnesses to the alleged settlement. Unlike Attorney Yanza, Attorney Wong is functioning as both the Sananaps' counsel and as a key witness in this case. The question now is whether Attorney Wong is permitted to serve as both a witness and advocate in the underlying action.

*National Union Fire Insurance Co. of Pittsburgh, P.A. v. Cyfred LTD. et al.*
Decision and Order
Civil Case No. 1465-06

Rule 3.7 of the Guam Rules Professional Responsibility is modeled after the American Bar Association's Model Rules of Professional Conduct. Rule 3.7 provides a general rule and three exceptions.

**Rule 3.7: Lawyer as Witness.**

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

   (1) the testimony relates to an uncontested issue;

   (2) the testimony relates to the nature and value of legal services rendered in the case; or

   (3) disqualification of the lawyer would work substantial hardship[1] on the client.

Guam R. Prof'l Conduct 3.7(a). The American Bar Association's Comments interpreting Rule 3.7(a)(3) provide:

> [P]aragraph (a)(3) recognizes that a balancing is required between the interests of the client and those of the tribunal and the opposing party. Whether the tribunal is likely to be misled or the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses. Even if there is risk of such prejudice, in determining whether the lawyer should be disqualified, due regard must be given to the effect of disqualification on the lawyer's client. It is relevant that one or both parties could reasonably foresee that the lawyer would probably be a witness. The conflict of interest principles stated in Rules 1.7, 1.9 and 1.10 have no application to this aspect of the problem.

ABA Model Rule 3.7, cmt. 4.

The first issue is whether Rule 3.7 applies to bench trials. National Union argues that the Sananaps improperly rely on Rule § 5-210 of the California Rules of Professional Conduct. Reply at 5-6. National Union argues that California's rule, unlike Guam Rule of Professional Conduct ("GRPC") 3.7(a), makes a distinction concerning jury and bench trials and contends that the

---

[1] Rule 1.0(l) of the Guam Rules of Professional Conduct defines "substantial" as "used in reference to degree or extent denotes a material matter and weighty importance."

California rule is inapplicable, because it departs from the general rule. *Id.* The Sananaps argue that GRPC 3.7 does not prohibit an attorney from acting as both a witness and advocate during a bench trial. Opposition at 7. The Sananaps cite California Rule of Professional Conduct § 5-210 which recognizes the difference between judge and jury trials. *Id.* The Sananaps also refer to Professor Wigmore's 1940 Treatise on Evidence to support their position. *Id.* at 8.

Rule § 5-210 of the California Rules of Professional Conduct ("CRPC") provides that "[a] member shall not act as an advocate before a jury which will hear testimony from the member. . . ." CRPC § 5-210. The discussion section to California's rule states that the rule "is not intended to encompass situations in which the member is representing the client in an adversarial proceeding and is testifying before a judge." In contrast, GRPC 3.7(a) states, "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless. . . ." Guam R. Prof'l Conduct 3.7(a). The Court agrees with National Union that there is a distinction between Guam's rule and California's rule and determines the latter is inapplicable. *See Mt. Rushmore Broadcasting, Inc. v. Statewide Collections,* 42 P.3d 478, 482 (Wyo. 2002) ("Regardless of any merit in making such a distinction, California's rule is not relevant to Wyoming's situation based on the obvious differences in the language of the two rules.")[2]; *Royal Travel, Inc. v. Shell Mgmt. Hawaii,* Civil No. 08-00314, slip op. (D. Haw. March 12, 2009), 2009 WL 649929, at *5 ("Nothing in [Rule 3.7(a)] or its commentary limits the rule's application to jury trials."). Finally, the Court notes that Professor Wigmore's 1940 Treatise[3] predates the ABA Model Rules of Professional Conduct, but even in light of this fact, Rule 3.7(a) and its Comments remain unchanged.

---

[2] Guam and Wyoming adopted the American Bar Association Model Rules of Professional Conduct.
[3] 6 Wigmore, *Evidence* sec. 1911, at 777 (Chadbourn rev. ed. 1976).

*National Union Fire Insurance Co. of Pittsburgh, P.A. v. Cyfred LTD. et al.*
Decision and Order
Civil Case No. 1465-06

Since GRPC 3.7 is not limited to jury trials, the next issue is whether Attorney Wong is a "necessary witness" under GRPC 3.7(a). "Rule 3.7 does not dictate any standard for 'likely to be a necessary witness,' but elsewhere, the ABA has explained that the term means 'no other witness could testify. . . .'" *Fognani v. Young*, 115 P.3d 1268, 1273 (Colo. 2005) (citations omitted). It is undisputed that Attorney Wong is a necessary witness, as his testimony is unattainable elsewhere. The Sananaps allege that on November 13, 2007, Attorney Wong and Attorney Yanza exchanged correspondence which reflect a settlement agreement, and that these exchanges resulted in National Union agreeing to pay the Sananaps $75,000.00. Only Attorney Wong and Attorney Yanza are privy to whether a settlement occurred.

The next issue is whether there would be a "substantial hardship" under Rule 3.7(a)(3).[4] If a substantial hardship exists, then Attorney Wong could proceed as both a witness and advocate. Rule 3.7(a)(3) requires "a balancing . . . between the interests of the client and those of the tribunal and the opposing party." ABA Model Rule 3.7, cmt. 4. The Comment to Rule 3.7(a) sets out the following factors to determine if disqualification would cause substantial hardship to the client: (1) the nature of the case; (2) the importance and probable tenor of the lawyer's testimony; (3) the probability that the lawyer's testimony will conflict with other witnesses; and (4) whether both parties could reasonably foresee that the lawyer would probably be a witness. *Id.* "The moving party has the burden to establish grounds for disqualification and must allege facts that demonstrate a potential violation of [Rule 3.7]." *People v. Pasillas-Sanchez*, 214 P.3d 520, 525 (Colo. App. 2009) (citing *Fognani*, 115 P.3d at 1272 ).

It does not appear that the Supreme Court of Guam has interpreted GRPC 3.7(a), and so this Court will rely on the ABA's Comments for guidance. The Preamble to the GRPC states that

---

[4] Rule 3.7(a)(1) does not apply because the testimony relates to a contested issue. Rule 3.7(a)(2) does not apply because the testimony does not relate to the nature and value of legal services rendered.

"[t]he Comment accompanying each Rule explains and illustrates the meaning and purpose of the Rule. The Preamble and this note on Scope provide general orientation. The Comments are intended as guides to interpretation, but the text of each Rule is authoritative." Guam R. Prof'l Conduct Preamble ¶ 21.

National Union first discusses the nature of this case. It contends that this is not a complex case involving complex asbestos, securities, or admiralty law, as it involves whether a settlement exists. *Id.* at 7-8. National Union next argues that the Sananaps have not expended substantial resources defending this declaratory judgment case. *Id.* at 6. The Sananaps were only nominal parties in the original declaratory judgment action between National Union and Cyfred and most of the litigation expenses arose in *Sananap et al v. Cydred, Ltd., et al.*, CV1448-08 (Super. Ct. Guam), in which they sought the installation of infrastructure at the Gill Baza Subdivision. *Id.* at 7. As to the stage in the proceedings, National Union argues that after the Court granted the Sananaps' additional counterclaim, no movement occurred because Cyfred had filed a petition for bankruptcy on June 3, 2011. *Id.* at 6. National Union notes the automatic stay was lifted on January 31, 2012, and since then, no trial date has been scheduled and no further discovery has been conducted. *Id.* Finally, National Union contends it was foreseeable to both parties that Attorney Wong could probably be a witness. *Id.* at 8. Attorney Wong has been aware of this fact since November 2007. *Id.*

The Sananaps argue that Attorney Wong has maintained a long and extensive relationship with them, their related cases, and this case. Opposition at 4. They note that Attorney Wong has represented them for ten years in four major Gill-Baza Subdivision cases involving hundreds of motions, a trial, five appeals and two bankruptcy cases. *Id.* The Sananaps argue they will suffer a great hardship by losing such a valuable professional relationship and an attorney with extensive

knowledge and experience. *Id.* at 5. The Sananaps also state they will suffer substantial hardship with the expense of replacing Attorney Wong. *Id.*

National Union also considers any possible prejudice it will suffer if Attorney Wong is not disqualified. It argues that if Attorney Wong is not disqualified, then the trier of fact would be unable to adequately distinguish among Attorney Wong's multiple roles: as a critical fact witness, as an attorney responsible for holding the standard of ethical conduct, and as the Sananaps' attorney. Motion at 8. Conversely, the Sananaps argue that National Union will not suffer any prejudice. Opposition at 5. They argue that this case involves a very experienced trial judge, who will afford the proper weight to Attorney Wong's testimony. *Id.* The Sananaps also note that disqualification of Attorney Wong is unnecessary, since Attorney Wong intends to obtain co-counsel for the sole purpose of questioning him. *Id.* at 6.

Here, the Court agrees with National Union that whether a settlement was reached is not a complex issue. This case does not require specialized knowledge or expertise. This is essentially a two page breach of contract case which has not been answered. The Court also determines that financial hardship without more is insufficient to prevent disqualification. *See Fognani*, 115 P.3d at 1275 ("An assertion that the attorney has consumed great resources and expended considerable time in preparation for trial is insufficient alone to defeat disqualification.") (citation omitted). The Sananaps argue that they will suffer financial hardship retaining a new attorney, but this argument alone is insufficient. The fact that this case is in the pretrial stages reduces the likelihood of substantial hardship. Finally, the foreseeability factor is present. Attorney Wong knew before filing the counterclaim that he would probably be a witness at trial. The Sananaps counterclaim alleges a settlement was reached between Attorney Wong and Attorney Yanza, and no other party was involved in the settlement discussions.

*National Union Fire Insurance Co. of Pittsburgh, P.A. v. Cyfred LTD. et al.*
Decision and Order
Civil Case No. 1465-06

The Court agrees that although judges are capable of distinguishing between an attorney's role as witness and advocate, National Union will still suffer prejudice if Attorney Wong proceeds as a witness-advocate. The Court is concerned about witness credibility. As a witness-advocate, Attorney Wong intends to challenge Attorney Yanza's credibility while bolstering his own.

Based on the foregoing, the factors weigh in favor of Attorney Wong's disqualification. The Sananaps' financial hardship argument does not outweigh the potential prejudice to National Union, and National Union has met their burden establishing grounds for the disqualification. The disqualification of Attorney Wong does not just safeguard against potential prejudice but eliminates the appearance of impropriety. Attorney Wong is disqualified. His disqualification applies to all pretrial and trial activities.

## B. Protective Order

Attorney Yanza moves for a protective order preventing the Sananaps from deposing him. Attorney Yanza did not appear at the February 6, 2012, deposition. The question now is whether he is entitled to a protective order.

Rule 30(a)(1) of the Guam Rules of Civil procedure provides that "[a] party may take the testimony of any person." GRCP Rule 30(a)(1) (2011). Rule 26(c) of the Guam Rules of Civil Procedure governs motions for protective orders. Rule 26(c) provides that the Court may, upon a showing of good cause, "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." GRCP Rule 26(c). "Following the Eighth Circuit Court of Appeals in *Shelton v. America Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986), the court held that the trial court 'at least has the discretion under Rule 26(c) to issue a protective order against the deposition of opposing counsel when any one or more of the three *Shelton* criteria for deposition . . . are not met.'" *United Phosphorus, Ltd. v. Midland*

*Fumigant, Inc.*, 164 F.R.D. 245, 247 (D. Kan. 1995) (citation omitted). Under *Shelton*, the Sananaps may depose Attorney Yanza if they can establish that: "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Shelton*, 805 F.2d at 1327 (internal citations omitted).

The Sananaps argue that the only way to confirm statements Attorney Yanza made is to depose him. Opposition at 8. The Sananaps maintain they seek to depose Attorney Yanza to determine whether a settlement occurred. *Id.* They assert that the information they seek is not privileged and involves what "was stated to Attorney Wong." *Id.* The Sananaps also add that deposing Attorney Yanza is crucial to pursuing a motion for summary judgment, and if there are material facts at issue, the information is then crucial to discover material facts in preparation for trial. *Id.* at 8-9.

Attorney Wong and Attorney Yanza have repeatedly conceded they are the only individuals with direct knowledge of the alleged settlement agreement. Next, the Sananaps indicate that their questioning will not involve privileged information. The Sananaps assure the Court that any questioning will be limited to that which "was stated to Attorney Wong." If an issue arises as to privileged information, then Attorney Yanza may invoke the attorney-client privilege.[5] The next question is whether the information is crucial. The Sananaps assert that this information is necessary to prepare for summary judgment, and if necessary, trial. The Court reiterates that this information cannot be acquired by any other means. This fact alone makes the information crucial.

---

[5] "As to privilege, that objection would not prevent depositions entirely, but at most might be invoked in the course of depositions as to specific questions invading the attorney-client privilege." *Spectra-Physics, Inc. v. Superior Court* 198 Cal.App.3d 1487, 1497 (Cal. App. 6 Dist. 1988).

*National Union Fire Insurance Co. of Pittsburgh, P.A. v. Cyfred LTD. et al.*
Decision and Order
Civil Case No. 1465-06

In sum, the Sananaps have met their burden under *Shelton* and may proceed with deposing Attorney Yanza.

CONCLUSION

Based on the foregoing, National Union's Motion to Disqualify Attorney Wong is **GRANTED**. Attorney Wong is disqualified from acting as counsel for the Sananaps. The Motion for Protective Order regarding the deposition of Attorney Yanza is **DENIED**.

**SO ORDERED:** _6 - 8 - 12_ .

_R. Benson_
**Richard H. Benson**
**Judge *Pro Tempore***
**Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

JUN 0 8 2012

James R. Borja
Deputy Clerk, Superior Court of Guam

*National Union Fire Insurance Co. of Pittsburgh, P.A. v. Cyfred LTD. et al.*
Decision and Order
Civil Case No. 1465-06